UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Elena Flannery,<br><br>Plaintiff,<br><br>-v.-<br><br>Equifax Information Services, LLC,<br><br>Defendant(s). | C.A. No: 1:25-cv-390<br><br>**CIVIL ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Elena Flannery ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Equifax Information Services, LLC ("Equifax"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p *et seq.*
2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).
3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of North Carolina in the County of Henderson.
5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a foreign limited liability company registered to do business in the State of North Carolina and may be served with process upon the Corporation Service Company, its registered agent for service of process at 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608.

7. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(f) to third parties.

8. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Equifax Double Reporting Violation

10. Upon information and belief, on a date better known to Defendant, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to Plaintiff's account with Capital One ("Account").

11. On Plaintiff's Equifax Credit Report dated August 26, 2025, it was reported that Plaintiff had a Capital One account reporting with an open date of January 17, 2016,

with an outstanding balance in the amount of $3,083.00, and with the status of the debt reported as "Charge-Off."

12. Further on the same report it is stated that the Plaintiff had a second Capital One Account, with the identical open date of January 17, 2016, with the same balance of $3,083.00, and with the status of the account listed as "Charge-Off."

13. The information published by Equifax is inaccurate since Plaintiff only opened one Capital One credit card on January 17, 2016, yet the credit report contains duplicate reporting of the same negative account.

14. The information published by Equifax is inaccurate since the Capital One account is being reported with derogatory notations in duplicate form on Plaintiff's credit reports, making it appear that Plaintiff has more derogatory accounts on her report than he should.

15. Defendant listed Plaintiff's single Capital One account as two (2) separate accounts with outstanding balances, both listed as a derogatory charge-off Accounts.

16. Additionally, by reporting two derogatory accounts with an outstanding balance, it makes it appear that Plaintiff owes more debt than she actually does.

17. Equifax is required by law to implement processes and procedures which maximize possible accuracy of all reporting.

18. In addition to merely duplicating accounts on Plaintiff's credit report, Equifax's duplication of derogatory accounts has a serious impact to Plaintiff's perceived creditworthiness.

19. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

20. Equifax failed to establish and implement reasonable procedures to ensure accurate reporting of Plaintiff's credit information.

21. Equifax violated 15 U.S. Code § 1681e(a)and(b) by failing to maintain and follow reasonable procedures to avoid reporting inaccurate information regarding the consumer Plaintiff.

22. Had Equifax maintained and followed reasonable procedures to assure maximum possible accuracy of the Plaintiff's information, it would have been revealed to Equifax that the account in question was being reported in duplicate form.

23. Equifax is required to maintain maximum possible accuracy of consumer credit reports, and this error should have been picked up internally by Equifax.

24. Additionally, the publication of this information is materially misleading, as anyone who views this report would assume that the Plaintiff had two negative accounts.

25. Equifax published and disseminated such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

26. As a result of Defendant's failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**FIRST CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Equifax)**

27. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

28. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

29. Equifax violated 15 U.S.C. § 1681e(a) and (b) by failing to maintain or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

30. Equifax has willfully and recklessly failed to comply with the FCRA. The failure of Equifax to comply with the Fair Credit Reporting Act includes but is not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information;

   d) The failure to promptly and adequately investigate information;

   e) The continual placement of inaccurate information into the Plaintiff's credit report;

   f) The failure to promptly delete information that was found to be inaccurate, or could not be verified; and

   g) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

31. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

32. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

33. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Elena Flannery, an individual, demands judgement in her favor against Equifax for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

**SECOND CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to Equifax)**

34. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

35. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq* ("FCRA").

36. Equifax violated 15 U.S.C. § 1681e(a) and (b) by failing to maintain and follow reasonable procedures with which to verify the accuracy of the information in the credit file of the Plaintiff.

37.Equifax has negligently failed to comply with the Fair Credit Reporting Act. The failure of Equifax to comply with the FCRA includes but is not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information;

d) The failure to promptly and adequately investigate information;

e) The continual placement of inaccurate information into the Plaintiff's credit report;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified; and

g) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

38. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

39. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

40. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Elena Flannery, an individual, demands judgement in her favor against Equifax for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

41. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2).

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: November 4, 2025　　　　　　　　　　　　　　　Respectfully Submitted,

**The Emory Law Firm, P.C.**
*s/ C. Randolph Emory*
C. Randolph Emory, Esq.
11020 David Taylor Drive, Ste 102
Charlotte, NC 28262
Phone: 704-371-4333
remory@theemorylawfirm.com

<a>